McGUIRE, Appellant, vs. CITY OF HUDSON, Respondent.

*April 7—May 10, 1932.*

234

For the appellant there were briefs by *Varnum & Varnum* of Hudson, attorneys, and *W. T. Doar* of New Richmond of counsel, and oral argument by *Mr. Doar.*

For the respondent there was a brief by *William B. Webster,* city attorney of Hudson, and *White & White* of River Falls of counsel, and oral argument by *Mr. Webster* and *Mr. Ferris M. White.*

ROSENBERRY, C. J. Two questions are raised upon this appeal: (1st) whether the statutes relating to construction of additions to or alterations of a sewer district were correctly construed in the proceeding had before the council; (2d) whether the evidence sustains the finding of the trial court that the benefits to the property equal or exceed the assessment.

The power of cities to construct sewers is conferred by sec. 62.18, Stats. Sub. (12) provides:

"The council may by resolution cause a sewer to be constructed along any street or portion thereof as an addition to or alteration of any sewer district. The cost of such sewer shall be assessed against the property abutting on the street or portion of street along which such sewer is laid in the same manner in which benefits on account of street improvements are assessed, and the provisions of subsection (6) of section 62.16 shall be applicable thereto."

Sec. 62.16 (6) relates to assessment of benefits and damages for the improvement and repair of streets. Sub. (a) requires the board of public works to view the premises and determine the amount of damages and benefits which will accrue, the entire cost of the contemplated improvement, and the amount of the cost which should be assessed to each parcel of real estate to be benefited. Sub. (b) requires the board to make and file a report, notice of the filing of which is required by sub. (c). Sub. (d) relates to the publication and posting of the notice. Sub. (e) provides that no irregularity in form in the report or notice shall avoid it. Sub.

(f) provides that there shall be a hearing before the board. Sub. (g) relates to immaterial errors in the administration of oaths. Thereupon a notice is given that there will be a hearing before the council, sub. (h). Sub. (i) provides:

"Subject to the limitations hereinbefore mentioned the council may determine the amount to be paid by the real estate as benefits on account of the improvement of a street and the amount that shall be paid by the city."

Sub. (j) provides for publication of notice of the determination made by the council. Sub. (k) provides for an appeal by the landowner from the determination of the council to the circuit court of the proper county. Sub. (1) provides that the remedy by appeal shall be exclusive.

It is apparent that not all of the provisions of sec. 62.16 (6) are applicable to the proceeding contemplated by sec. 62.18 (12). Sec. 62.18 (12) gives the council the power by resolution to cause the addition to be constructed and then provides that the cost of such sewer, which of course means the whole cost, shall be assessed against the property abutting on the street or portion of street along which the sewer is laid, and this cost is to be apportioned in the same manner in which benefits are apportioned under sec. 62.16 (6). The statute confers upon the common council power to determine whether or not the addition shall be made without an investigation by the board of public works, a hearing before the board, etc. No part of the cost is to be borne by the city. In this case the board of public works did assess the benefits, notice of the assessment was given, and an opportunity was given to objecting property owners to be heard before the common council. It is conceded that all steps attempted to be taken were regularly taken. The claim is that the preliminary part of the procedure was not attempted to be taken and for that reason the council had no jurisdiction. It is considered that in this respect the contention of the property owner cannot be sustained. It could

hardly have been the legislative intent that, upon the authorization and construction of an extension to an existing sewer system, all preliminary steps required by sec. 62.16 (6) should be taken. In this as in any other case if the assessment of costs exceeds the amount of the benefits, of course it constitutes a taking without due process of law. Sec. 62.16 (6) is applicable to distribute the cost of the improvement according to the benefits to abutting property, to require that an opportunity be given to property owners to be heard before the council, and to authorize an appeal in the event that the property owner deems himself aggrieved. All of these steps were properly taken in this case.

This conclusion is quite evidently in accordance with the intent of the lawmakers as the revisor's note indicates, which says:

"This is new. The necessity for such a provision is evident, for occasion frequently arises where it is desirable to add a contiguous territory to a district by laying a sewer along a street and connecting it with the district."

The procedure in such a case certainly should be simple and at the same time afford the property owner protection. This he has by reason of the fact that if the assessment exceeds the benefit to the property it is invalid.

The plaintiff further contends that the evidence does not sustain the findings of the trial court that the benefits equal or exceed the assessment. We have carefully reviewed the evidence, and the trial court's determination in that regard must be sustained. No useful purpose would be served by reciting it.

*By the Court.*—Judgment affirmed.